CAMPBELL, Acting Chief Judge.
Appellant challenges his resentencing on a violation of probation. He argues that the trial court erred in including eighteen points on his scoresheet for three successive community sanction violations when he only had two successive community sanction violations. We agree and reverse.
Pursuant to a plea agreement, the trial court placed appellant on concurrent terms of four years’ probation in two cases. On April 3, 1998, appellant admitted to violating his probation and was placed on concurrent terms of two years’ community control, followed by two years’ probation. On June 8, 1998, an affidavit of violation of community control was filed in both cases. Following an evidentiary hearing, the trial court concluded that appellant had violated his community control.
On June 9, 1999, the trial court sentenced him to concurrent terms of eighteen months’ incarceration, based on a scoresheet that included eighteen points for three successive community sanction violations. Both the State and defense counsel agreed at the hearing that appellant only had two successive violations, and that only twelve points should have been included, six points for each of appellant’s two successive violations. However, when the court actually sentenced appellant several days later, having given the parties an opportunity to investigate the possible scoresheet error, defense counsel did not object. Rather, he told the trial court that the scoresheet was correct.
On appeal, the parties do not dispute that inclusion of the additional six points was error. Pursuant to Florida Rule of Criminal Procedure 3.703(d)(17), six points are to be added for each successive community sanction violation. Both parties agreed that appellant had only two successive violations, and that only twelve points should have been added for the successive violations, not eighteen. However, because appellant failed to object to the scoresheet error at the subsequent sentencing hearing, the first issue to be resolved is whether appellant waived this issue on appeal. We conclude that appellant did not waive this issue because the error asserted is fundamental under Maddox v. State, 760 So.2d 89 (Fla. 2d DCA 2000), which addresses this issue as follows:
Thus, in assessing whether a scoresheet error that appears on the face of the record constitutes fundamental error, the appellate courts should consider the qualitative effect of the error on the sentencing process and whether the error was likely to cause a quantitative effect on the defendant’s sentence. If this cannot be determined readily on appeal, the scoresheet errors are more appropriately addressed in the trial court.
Id. at 103.
The qualitative effect of the error on appellant’s sentence can be readily determined. Deleting the extra six points reduces appellant’s permitted sentence from a range of eighteen to thirty months’ incarceration to a range of 13.65 months’ to 22.75 months’ incarceration. The trial court specifically stated that it intended to sentence appellant to the minimum. The minimum was eighteen months’ incarceration under the incorrect scoresheet, but is 13.65 months under a corrected score-sheet, a difference of 4.35 months’ incarceration. Due to the qualitative effect of the scoresheet error on appellant’s sentence, we reverse that sentence and remand with directions to resentence appellant using a corrected scoresheet.
Reversed and remanded.
PARKER and SALCINES, JJ., Concur.